### JOHN MURPHY & wife *vs*. ADDISON BROOKS.

In an action to recover for injuries occasioned to the plaintiff by her falling into the defendant's cellar, from which he was removing manure to a cart, the defendant requested the judge to rule that, if the plaintiff saw the cart, she was bound to ascertain what was going on in its vicinity, and inspect the premises to see if she could pass in safety. The judge refused so to rule, but instructed the jury that they were to consider whether the sight of the cart ought to have warned her that something was going on which required peculiar caution on her part. *Held*, that the defendant had no ground of exception.

In an action by husband and wife for an injury to the wife's person, the only witnesses to the extent of the injury were the plaintiffs and their physician. The defendant requested the judge to instruct the jury that the fact that the plaintiffs might have produced disinterested witnesses as to the extent of the injury, and did not do so, was a circumstance for their consideration. The judge refused the request, but instructed the jury that if there was any want of candor on the part of the plaintiffs in regard to the proof of the injury, or any intentional withholding of evidence which they might have furnished, it was a circumstance for their consideration. *Held*, that the defendant had no ground of exception.

TORT for injuries resulting to the female plaintiff from negligence of the defendant's servants. Trial in this court, before *Ames,* J., who, after a verdict for $1750 for the plaintiffs, allowed the following bill of exceptions:

" It appeared that the defendant employed two men to remove the manure from the cellar of a stable in Hawkins Street in Boston ; that by order of the city authorities work of that kind could only be done in the night time ; that on a morning in January the team arrived at the stable and stopped in the street near the sidewalk ; that about two o'clock in the same morning the plaintiffs passed over the same sidewalk, at which time the bulkhead in the sidewalk was closed and the passage perfectly safe ; that, before they returned, the defendant's workmen had opened the bulkhead in order to throw out the manure, one of them having gone into the cellar in order to light a gas lamp, and the other being employed in putting blankets on the horses ; that the plaintiffs returned over the same sidewalk about four o'clock in the morning, the female plaintiff being a few steps in advance of her husband ; that she saw the wagon standing by the sidewalk, noticed that the horses were at the further part of the wagon as she approached, and, in order to avoid soiling her dress by contact

with the wheels, drew her cloak more closely about her, and while so doing fell into the opening in the sidewalk; and that it was a foggy and somewhat rainy morning, and the street was wet and slippery. There was conflicting evidence as to the amount of light; but it appeared that the street lamps were lighted; that one of them stood in the street nearly opposite the bulkhead; that the street was narrow, and not one greatly travelled; and that the sidewalk was about three and a half feet wide. The defendant's workmen testified that they did not see or hear the plaintiffs as they approached; and the plaintiffs testified that they did not see or hear either of the men till after the accident. There was conflicting evidence upon the question whether any barriers or safeguards were placed by the workmen across or upon the sidewalk. The testimony as to the nature and extent of the injuries of the female plaintiff came from herself, her husband, and her physician, and it did not appear that there were any other witnesses who might have been called, who could have given any additional light on that subject.

" The defendant requested the judge to instruct the jury as follows : ' 1. If the female plaintiff saw the wagon and horses at the side of the street before she got opposite the bulkhead, she was bound in the exercise of due care to ascertain what was going on in the vicinity thereof, and to inspect the premises so as to ascertain if she could pass in safety, and, failing to take reasonable precaution to pass in safety, she cannot recover. 2. The fact that she might have produced disinterested witnesses to prove the extent of her injuries, and did not see fit to do so, in the absence of anything to show that the defendant could procure such witnesses, is a circumstance for the consideration of the jury.'

" The judge did not rule as requested, but, after giving some general instructions on the subject of the burden of proof, the facts which the plaintiffs were bound to prove, and the degree of care and attention which the female plaintiff was required to observe, (to which instructions no exception was taken,) he told the jury that they were to consider whether the sight of the wagon standing by the sidewalk ought to have operated on her mind as notice that something was going on in that locality requiring ad-

ditional or peculiar caution or observation on her part; and also that if there was any want of candor on the part of the plaintiffs in regard to the proof of her injuries, or any intentional withholding of evidence which they might have furnished, it would be a circumstance for the consideration of the jury."

*A. Cottrell,* (*T. Wentworth* with him,) for the defendant.

*E. Morton & J. L. Eldridge,* for the plaintiffs, were not called upon,

BY THE COURT. The instructions prayed for were rightly refused, because they did not express so accurately as those which were given the duties of the plaintiffs.

*Exceptions overruled.*